PD-0417-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

April 16, 2015

ABEL ACOSTA, CLERK

NO. _____

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

_____

**JESUS EFRAIN ABREGO,**
**Petitioner**
**v.**

**THE STATE OF TEXAS**
**Respondent**

_____

**On Appeal from Cause No. 1335057D in the 371ˢᵗ District of Tarrant County, Texas, Honorable Mollee Westfall,, Judge Presiding, and  No. 07-14-00171-CR in the Court of Appeals for the Seventh District of Texas**

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

**Stickels & Associates, P.C.**
**John W. Stickels**
**TBN: 19225300**
**P. O. Box 121431**
**770 N. Fielder Rd.**
**Arlington, Texas 76012**
**Phone: (817) 479 - 9282**
**Fax: (817) 622 – 8071**
**john@stickelslaw.com**
**Attorney for Petitioner**

**NO ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES .................................................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ......................................................... 1

STATEMENT OF THE CASE .................................................................................. 1

STATEMENT OF PROCEDURAL HISTORY .............................................................. 1

GROUNDS FOR REVIEW ...................................................................................... 1

I. The Seventh Court of Appeals erred when it did not find that there was insufficient evidence to support Petitioner's conviction. ........................................................... 1

REASONS FOR REVIEW ....................................................................................... 2

DISCUSSION ...................................................................................................... 2

ARGUMENTS ..................................................................................................... 4

A.          LEGALLY INSUFFICIENCY – STANDARD OF REVIEW: ..................... 4

B. ARGUMENT AND AUTHORITIES – INSUFFICIENT EVIDENCE: ...................... 5

PRAYER FOR RELIEF .......................................................................................... 6

CERTIFICATE OF SERVICE .................................................................................. 7

CERTIFICATE OF COMPLIANCE .......................................................................... 8

APPENDIX ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). ..................................................5

*Burden v. State*, 55 S.W.3d 608 (Tex. Crim. App. 2001). ..................................................4

*Jackson v. Virginia*, 443 U.S. 307 (1979) ............................................................................4

*Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993). ..................................................5

**Statutes**

Tex. Penal Code §2.01(2003). ..............................................................................................5

**Rules**

Tex. R. App. P. 66.3 ..............................................................................................................2

Tex. R. App. P. 9(4)(i)(1). .....................................................................................................8

Tex. R. App. P. 9.4(e)............................................................................................................8

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument in this case.

## STATEMENT OF THE CASE

Petitioner's jury trial was held in the 371st District Court of Tarrant County, Texas, before the Honorable Mollee Westfall, Judge Presiding. (R.R. Vol. 1 – 4). The jury convicted Petitioner for the offense of aggravated robbery. (CR. 33-38, 50; ROA. 3, 130.) The jury sentenced Petitioner to confinement for forty (40) years in the Institutional Division of the Texas Department of Criminal Justice. (C.R. 41-45, 50; ROA. 3, 144). Petitioner has remained in custody pending appeal. Petitioner has remained in custody pending appeal.

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Seventh District Court of Appeals affirming the trial court's decision was handed down on March 13, 2015. Therefore, this PDR was due on April 13, 2015. A Motion for Leave to File PDR Late is being tendered herwith.

## GROUNDS FOR REVIEW

I. The Seventh Court of Appeals erred when it did not find that there was insufficient evidence to support Petitioner's conviction.

1

## REASONS FOR REVIEW

1.   The decision of the Seventh Court of Appeals conflicts with decisions rendered by the Court of Criminal Appeals.

2.   The decision of the Seventh Court of Appeals conflicts with the decisions of other courts of appeals.

3.   The decision of the Seventh Court of Appeals so far deviates from the fair administration of justice that a Court of Criminal Appeal's correction is required.  *See* Tex. R. App. P. 66.3

## DISCUSSION

Petitioner was wrongfully convicted of the felony offense of aggravated robbery because the alleged victim of the crime misidentified Petitioner as the he person who robbed him. The victim misidentified Petitioner as the person who robbed him because it was too dark for the victim to see who robbed him. Thus, without the wrongful identification, the jury would not have convicted Petitioner of this offense.

U. U., the victim of this crime, lives in Carrolton, Texas, and works as a financial planner for an insurance company. (4 RR 15-17). U. U. also has a hobby as an amateur photographer who routinely contacts models on a website called Model Mayhem. (4 RR 17-19). On the night of the robbery, U. U. contacted a

2

prospective model, M., and arranged to photograph her at her apartment in Haltom City, Texas, so he could photograph her. (4 RR 21).

U. U. arrived at M.'s apartment at about 9:15 p.m. and set up for the photography shoot. An unknown male was at the apartment with M. (4 RR 24). U. U. thought the photo-shoot would take about an hour. 4 RR 26. However, it ended up lasting a lot longer and U. U. decided to leave and he went to his car. (4 RR 26). M. followed U. U. to the car so she could be paid. (4 RR 26-27). However, M. did not make it all the way to the car because her friend told her she had a phone call from her grandmother. (4 RR 26-27). Petitioner continued to his car and waited for M. to come get paid. (4 RR 27).

M. came to the car and U. U. wrote her a check. (4 RR 28). As U. U. was writing M.'s check, two men came up directly to the car. (4 RR 28). The first man pulled a gun on U. U. and as told U. U. to give him whatever he had on him. (4 RR 28-29). U. U. gave the man his wallet and cell phone. (4 RR 29-30). The second man opened the car door, ransacked the car and tool cameras, eye glasses, sunglasses, checkbook, driver's license, gift cards, and camera lenses. (4 RR 29-30).

The second man also took the monograms (decals) from U. U.'s car. 4 RR 30. After the two men left, U. U. drove away, parked at a gas station under the light, and called the police. (4 RR 34-35).

Sometime after the robbery, U. U. viewed six similar photographs at the Haltom City Police Department. (4 RR 43-44). U. U. picked the person who held the gun on him out of the photographic lineup. (4 RR 44). U. U. picked Petitioner out of the photographic line up and identified him in court as the person who had the gun and robbed him. (4 RR 45-46). On cross examination, U. U. admitted that it was very dark when the robbery happened. (4 RR 51-52). U. U. also admitted that he was focused on the weapon. (4 RR 55-56).

## ARGUMENTS

### A. LEGALLY INSUFFICIENCY – STANDARD OF REVIEW:

When reviewing a claim of insufficiency of the evidence, the appellate court must determine, after considering all the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). In conducting this review of insufficiency, the court does not reevaluate the weight and credibility of the evidence, but only ensures that the jury reached a rational decision. *Muniz v.*

4

*State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). Whether the evidence satisfies the Jackson test is a matter of law. The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

**B. ARGUMENT AND AUTHORITIES – INSUFFICIENT EVIDENCE:**

The State is required to prove every element of an offense beyond a reasonable doubt. Tex. Penal Code §2.01(2003). According to the evidence adduced at trial, there is both factually and legally insufficient evidence for the jury to have found beyond a reasonable doubt that Petitioner committed the indicted offense. As a result, this Court should overturn his convictions and order an acquittal.

A person commits the criminal offense of aggravated robbery if the person uses threats force to commit a theft and uses or exhibits a deadly weapon. Tex. Penal Code §29.03(1994). The State failed to prove each and every element of the offense charged. Specifically, the State failed to prove that Petitioner was the person who committed the offense in question because of a mistaken identity and/or misidentification.

5

U. U., the victim of the robbery, was not able to adequately identify the person who robbed him because it was too dark to see. Therefore, the State failed to prove each and every element of the offense charged because there is insufficient evidence to show that Petitioner was one of the people who robbed U. U. evidence clearly shows that Petitioner was living at the Gardenia Street residence on As a result, there is insufficient evidence to sustain Petitioner's conviction and this court must reverse his conviction.

The Seventh Court of Appeals erred when it did not find that there is insufficient evidence to sustain Petitioner's conviction and this court should reverse Petitioner's conviction.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals and that upon reviewing the judgment entered below, that this Court reverse this cause and remand it for a new trial.

Respectfully submitted,

Stickels & Associates, P.C.
P. O. Box 121431
770 N. Fielder Rd.
Arlington, Texas 76012
Phone: (817) 479 - 9282
Fax: (817) 622 – 8071
john@stickelslaw.com

BY: /S/ John W. Stickels
John W. Stickels
State Bar No. 19225300
Attorney for Jesus Efrain Abrego

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State via hand delivery and on the State Prosecuting Attorney via regular mail on this 14th day of April, 2015.

/S/ John W. Stickels
John W. Stickels

7

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2) because it contains 4,108 words, excluding the parts of the brief exempted by Tex. R. App. P. 9(4)(i)(1).

2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in proportional spaced typeface using Windows Word software in Times New Roman 14-Point text and Times New Roman 12-point font in footnotes.

/S/ John W. Stickels
John W. Stickels

## **APPENDIX**

1. Opinion of the Seventh Court of Appeals